UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT JAY WOOTEN, JR.,

Plaintiff,

-against-

CITY OF NEW ROCHELLE POLICE DEPARTMENT; POLICE OFFICER BRIAN FAGAN; POLICE OFFICER CHRISTOPHER GUGLIELMO; WESTCHESTER COUNTY DISTRICT ATTORNEY'S OFFICE; ASSISTANT D.A. MARISSA MORRA-WYNN; ASSISTANT D.A. KEVIN JONES; COUNTY OF WESTCHESTER; CITY OF NEW ROCHELLE,

Defendants.

**ORDER OF SERVICE**

26-CV-0899 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who currently is detained at the Westchester County Jail, brings this action *pro se*. Plaintiff asserts claims, under 42 U.S.C. § 1983, for alleged violations of his constitutional rights. By order dated June 16, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## DISCUSSION

### A. New Rochelle Police Department

In federal court, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*."). New Rochelle's City Charter does not

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

authorize its police department to sue and be sued in the name of the department. *See* New Rochelle City Charter Art. 1, ch. 58 (powers and duties of NRPD); *see also Wilson v. New Rochelle Police Dep't*, No. 13-CV-5997 (NSR), 2014 WL 2624756, at *2 (S.D.N.Y. 2014) ("The New Rochelle Police Department is not a suable entity"); *Qadar v. New York*, 396 F. Supp. 2d 466, 469 (S.D.N.Y. 2005) ("[T]he New Rochelle Police Department is not a 'suable entity' under [§ 1983]."). Any claims Plaintiff has against the New Rochelle Police Department must be brought against the City of New Rochelle, which is already named as a defendant in this action. The Court therefore dismisses the New Rochelle Police Department because it lacks the capacity to be sued. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Prosecutorial Immunity**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties that are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (stating that absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (citation modified)). Prosecutors are also absolutely immune from suit for administrative actions that are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity).

Plaintiff's claims against Assistant District Attorney (ADA) Marissa Morra-Wynn and ADA Kevin Jones from the Westchester County District Attorney's Office ("WCDAO") are based

on, among other things, their allegedly having withheld exculpatory evidence and their alleged awareness of witnesses' actions in tampering with physical evidence and denying it in grand jury proceedings. The functions at issue are within the scope of the official duties of an ADA, and are directly associated with the grand jury proceedings or preparation for trial. *See Warney v. Monroe County*, 587 F.3d 113, 125 (2d Cir. 2009) (finding that prosecutors "may well have violated *Brady v. Maryland,* [373 U.S. 83, 83] (1963), but they would be absolutely immune from personal liability"); *Rodriguez v. City of New York*, 607 F. Supp. 3d 285, 300 (E.D.N.Y. 2022) ("Prosecutors are individually immune from § 1983 liability for decisions undertaken in their prosecutorial capacity, including decisions regarding which evidence should be disclosed to a criminal defendant."). ADAs Morra-Wynn and Jones are therefore immune from suit for such claims. Plaintiff's claims against Defendants Morra-Wynn and Jones are dismissed because they seek monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(b)(iii).

**C. Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to assistance from the court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall

---

[2] Although the summons and complaint generally must be served within 90 days of the date the complaint is filed, *see* Fed. R. Civ. P. 4(m), Plaintiff proceeds IFP and could not effect service until the Court reviewed the complaint and ordered that summonses issue. The Court therefore extends the time to serve until 90 days after the date summonses issue.

If the complaint is not served within 90 days from the date a summons issues, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (stating that the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Westchester County, the City of New Rochelle, WCDAO, Detective Christopher Guglielmo, and Lieutenant Brian Fagan through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue summonses for these defendants and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon each defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New Rochelle Police Department because it lacks the capacity to be sued, 28 U.S.C. § 1915(e)(2)(B)(ii), and dismisses Plaintiff's claims against Defendants Morra-Wynn and Jones based on prosecutorial immunity, 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is instructed to (1) issue summonses for Defendants Westchester County, the City of New Rochelle, WCDAO, Detective Christopher Guglielmo, and Lieutenant Brian Fagan; (2) complete the USM-285 form with the address for each defendant, and (3) deliver to the U.S. Marshals Service all of the documents necessary to effect service.

.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: August 14, 2026
White Plains, New York

PHILIP M. HALPERN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Westchester County
   Westchester County Attorney's Office
   148 Martine Ave.
   White Plains, NY 10601

2. City of New Rochelle
   515 North Ave
   New Rochelle, NY 10801

3. Westchester County District Attorney's Office
   111 Dr. Martin Luther King, Jr. Blvd.
   White Plains, NY 10601

4. Detective Christopher Guglielmo
   New Rochelle Police Department
   City Hall
   475 North Ave #2
   New Rochelle, NY 10801

5. Lieutenant Brian Fagan
   New Rochelle Police Department
   City Hall
   475 North Ave #2
   New Rochelle, NY 10801